ORDERED in the Southern District of Florida on March 13, 2008



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                  Case No. 07-10279-BKC-AJC
                                                        Chapter 7
LAMINATE KINGDOM, LLC                                   Converted
d/b/a FLOORS TODAY,

       Debtor.
_____/

THOMAS A. GRAFENAUER

       Plaintiff,                                Adv. Case No: 07-01792-AJC

v.

BARRY MUKAMAL, as Chapter 7 Trustee
for the Estate of Laminate Kingdom, LLC
d/b/a Floors Today, and CAROLINA
CASUALTY & INSURANCE COMPANY,

       Defendants.
_____/

**OPINION AND ORDER DENYING
CAROLINA CASUALTY & INSURANCE COMPANY'S MOTION TO DISMISS**

This matter comes before the Court on Defendant Carolina Casualty & Insurance Company's ("Carolina Casualty") motion to dismiss Plaintiff Thomas A. Grafenauer's ("Grafenauer") claim for insurance coverage as an "Insured" under Carolina Casualty's Management Liability Insurance Policy ("Policy"). Grafenauer is a former member of the Board of Managers of Laminate Kingdom LLC, (the "Debtor"). The Chapter 7 Trustee has brought claims against Grafenauer for breach of fiduciary duty, constructive fraud, and aiding and abetting breach of fiduciary duty allegedly arising from his conduct on the Board of Managers. Grafenauer tendered the claim and sought coverage under the Policy.

Carolina Casualty initially agreed to provide Grafenauer coverage but reserved its right to assert policy exclusions. Carolina Casualty has now asserted the "insured vs. insured" exclusion against Grafenauer and seeks to deny his claim for coverage. The "insured vs. insured" exclusion contained in the Policy states in relevant part: "The **Insurer** shall not be liable to make any payment for **Loss** in connection with a **Claim** made against any **Insured** .... by, on behalf of, or in the right of the **Insured Entity**; . . ." Policy at § IV. F.

Carolina Casualty argues that the Insured Entity, Laminate Kingdom, which is also the Debtor and the Chapter 7 Trustee are the same entity for purposes of determining insurance coverage under the Policy. Grafenauer argues that the Debtor and Chapter 7 Trustee are separate and distinct entities and, therefore, the "insured v. insured" exclusion does not apply. The issue to be decided by this Court is whether the Chapter 7 Trustee is an entity separate and distinct from the Debtor, Laminate Kingdom LLC, for purposes of the "insured versus insured" exclusion contained in § IV. Exclusion F of the Policy issued.

1

**UNCONTROVERTED FACTS**

Plaintiff Thomas A. Grafenauer was a member of the Board of Managers of Laminate Kingdom from April 26, 2005 until his resignation eighteen months later on October 5, 2006. Laminate Kingdom is the Insured Entity under a Management Liability Insurance Policy No. 6707085/1 (the "Policy") issued by Carolina Casualty. The Policy provides insurance coverage to the managers of Laminate Kingdom to protect them from claims that they breached their fiduciary duties in connection with their role as officers or managers of the company.

As a member of the Laminate Kingdom Board of Managers, it is undisputed that Mr. Grafenauer was an "Insured" pursuant to the Policy. Laminate Kingdom was the "Insured Entity" under the Policy. Neither Laminate Kingdom's creditors nor the Trustee are listed as Insureds or an Insured Entity under the Policy.

The Policy contains an "Insured vs. Insured" exclusion state states:

The **Insurer** shall not be liable to make any payment for **Loss** in connection with a **Claim** made against any **Insured**:

....

F.   by, on behalf of, or in the right of the **Insured Entity**; provided, however, this exclusion does not apply to:

1. any derivative action by any security holder of the **Insured Entity**, but only if such claim is instigated and continued totally independent of, and totally without the solicitation of, or assistance of, or active participation of, or intervention of any **Insured** or the **Insured Entity** . . . .

Policy, pp. 4-5.

The **Insured Entity** is defined as the **Named Insured** [Laminate Kingdom, LLC] and any **Subsidiary**. *See id.* at 3. An **Insured**, in relevant part, is defined as any **Director or Officer**, which includes any past, present or future director or officer. *See id.* at 2-3.

2

On October 31, 2007, Grafenauer filed Adv. No. 07-01792-BKC-AJC-A seeking declaratory relief against the Trustee and Carolina Casualty on the following issues:

> (a) Whether Thomas Grafenauer breached any fiduciary duties as a Member of the Board of Managers of Laminate Kingdom; and
>
> (b) Whether Carolina Casualty is obligated to provide Thomas Grafenauer with a defense under the Policy and is obligated to indemnify Thomas Grafenauer under the Policy.

On November 30, 2007, the Trustee filed his amended counterclaim against Grafenauer. In his amended counterclaim, the Trustee asserted claims for breach of fiduciary duty, constructive fraud and aiding and abetting breach of fiduciary duty all arising from Grafenauer's role as a member of the Board of Managers of Laminate Kingdom.

Grafenauer tendered the Trustee's counterclaim against him to Carolina Casualty for coverage under the Policy. Carolina Casualty responded that it would provide coverage subject to a reservation of rights to assert any exclusion in the Policy that it deemed to apply to the coverage request. On January 30, 2008, Carolina Casualty filed its motion to dismiss Grafenauer's complaint for declaratory judgment on the basis of the insured vs. insured exclusion in the Policy.

## THE PARTIES' ARGUMENTS

Grafenauer's primary argument centers around case law that has held that "insured vs. insured" exclusions do not extend to trustees in bankruptcy because the trustee is not the same entity as the pre-petition company. Grafenauer further argues that the exclusion as drafted does not specifically and clearly identify or define the term "insured" to include bankruptcy trustees. As such, under the principals of contract interpretation, the exclusion is ambiguous and must be construed against the insurer.

3

Carolina Casualty argues that, contrary to Grafenauer's contention, under controlling law the exclusion applies to bar the claims of the Trustee "standing in the shoes of the Debtor." Carolina Casualty argues that when a bankruptcy trustee asserts claims belonging to the debtor that accrued pre-petition, the trustee is the same person as the debtor and therefore, the "insured v. insured" exclusion applies to bar the Trustee just as it would bar the pre-petition company.

## THE BANKRUPTCY TRUSTEE IS A SEPARATE AND DISTINCT ENTITY

Under the Bankruptcy Code, the bankruptcy trustee may bring claims founded on the rights of the debtor and to an extent, certain rights of the debtor's creditors. *See e.g.*, 11 U.S.C. §§ 541, 544, 547. Upon the filing of a petition for relief under the Bankruptcy Code, any claims belonging to the company pre-petition automatically, by operation of law, become property of the bankruptcy estate. *See* 11 U.S.C. § 541(a)(1) (providing that upon the filing of a petition a bankruptcy estate is created comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case"). *In re International Gold Bullion Exchange, Inc.*, 60 B.R. 261, 263 (Bankr. S.D. Fla. 1986) ("...a trustee, like a debtor-in-possession, is conceptually separate for purposes of bankruptcy law; indeed, it is well established that even a debtor-in-possession which is, in actuality, the same entity as the debtor is nevertheless deemed to be separate and distinct from the debtor under bankruptcy law...").

Pursuant to § 323, the trustee, and only the trustee, can sue and be sued on behalf of the estate. *See* 11 U.S.C. § 323. When the trustee commences an action, he is doing so on behalf of the estate, the debtor entity, the shareholders and the creditors, in furtherance of his duty as defined by Congress. The debtor, shareholders and creditors are all barred from asserting the claims. *Gore v. Kressner*, 159 B.R. 428, 431-32 (Bankr. S.D.N.Y. 1993); *In re Granite Partners, L.P.*, 194 B.R. 318, 325 (Bankr. S.D.N.Y. 1996).

4

The issue presented in this case was addressed by the Florida Court of Appeals in the case of *Rigby v. Underwriters at Lloyd's, London*, 907 So.2d 1187 (Fla. 3rd Dist. Ct. App. 2005). In *Rigby*, the court held that an insured vs. insured exclusion contained in the liability insurance policy did not bar coverage for an action against a former director of a corporation that was brought by a bankruptcy trustee. T. Alec Rigby, was a former president and director of Atlas Environmental, Inc. ("Atlas"). *See id.* at 1188. Atlas filed for Chapter 11 bankruptcy relief in 1999, the case was subsequently converted to Chapter 7, and Soneet Kapila ("Kapila") was appointed permanent Chapter 7 Trustee. *Id.* Before the bankruptcy filing, Underwriters at Lloyd's, London ("Lloyd's") issued a Directors and Officers Liability and Company Reimbursement policy to Atlas, and continued to issue renewals of the policy during the bankruptcy proceedings. *Id.* After his appointment as Chapter 7 trustee, Kapila requested that Lloyd's list him as an insured under the policy. *Id.* In response, Lloyd's for an additional premium, issued endorsements to the policy, adding Kapila as an insured. *Id.*

In 2000, Kapila, specifically as trustee, filed an adversary complaint against Rigby on behalf of Atlas' creditors in the bankruptcy proceeding for Rigby's negligence and breach of his fiduciary duties as an Atlas officer. *Id.* Rigby sought defense and indemnification of the trustee's claims from Lloyd's pursuant to the directors and officers liability policy. *Id.* In response, Lloyd's denied coverage under the policy's insured vs. insured exclusionary clause. The clause provided "[Lloyd's] shall not be liable to make any payment in connection with any Claim . . . by, on behalf of, or at the direction of any of the Assureds . . ." *Id.* at 1188-89. The *Rigby* court rejected the argument that Rigby was excluded from coverage under the policy pursuant to the insured vs. insured exclusion because Kapila is defined as an officer or director under the policy. The court stated:

5

> Kapila's endorsement as an officer or director did not detract from his function as trustee. Kapila as trustee had filed suit against Rigby on behalf of Atlas' creditors, based upon his statutory duties as trustee under 11 U.S.C. §§ 704(1) and 704(4) to collect and reduce to money the property of the estate for the benefit of the debtor's creditors. Kapila did not bring the adversary action acting as an officer or director. As a result the insured versus insured exclusion did not apply.

*Id.* (footnote omitted).

Other bankruptcy courts have decided that the bankruptcy trustee is a separate and distinct entity from the debtor and that the "insured vs. insured" exclusion was inapplicable. *In re Molten Metal Technology, Inc.*, 271 B.R. 711, 729 (Bankr. D. Mass. 2002) (holding that "the Chapter 11 Trustee is not the legal equivalent of the Debtor."); *In re County Seat Stores, Inc.* 280 B.R. 319, 325 (Bankr. S.D.N.Y. 2002) (holding that "a bankruptcy trustee is a legal entity separate and distinct from the debtor."); *In re Buckeye Countrymark, Inc.*, 251 B.R. 835, 840 (Bankr.S.D.Ohio 2000) (a bankruptcy trustee is not the debtor's alter ego but a separate legal entity that neither represents the Debtor nor owes the Debtor a fiduciary obligation and whose responsibility is to the bankruptcy estate). These courts have reasoned that:

> The appointment of a chapter 11 trustee removes the debtor from possession of the estate's assets. The debtor, however, does not then cease to exist. The two entities exist side-by-side, having different powers and rights and, as importantly, being separate and distinct entities and therefore having different interests.
>
> \* \* \*
>
> The Trustee is prosecuting those claims on behalf of the estate and for the benefit of those having valid claims against it, among whom the Debtor stands last in priority.
>
> \* \* \*
>
> [W]hile it is certainly true that a trustee "stands in the shoes of the debtor" when prosecuting causes of action that arose in favor of the debtor before the commencement of the bankruptcy case, it also true that this doctrine does not mean that the trustee *is* the debtor. It only means that the trustee, despite his or her nonidentity with the debtor, is nonetheless subject to such defenses as the defendant has against the debtor.

*In re Molten Metal Technology,* at 729-30.

> Simply stated, a bankruptcy trustee charged with a statutory duty and endowed with special statutory powers, is an independent and disinterested entity, separate

6

and distinct from the debtor, as well as the prepetition company, and as such does not strictly "stand in the shoes" of the debtor. Nor does he assume the identity of the debtor.

*In re County Seat Store*, at 326. Based on this reasoning, the debtor does not own the claims and cannot bring the claims in this action. Rather, the bankruptcy trustee is prosecuting the claims on behalf of the estate and for the benefit of creditors having valid claims against it and he is not prosecuting these claims "by, on behalf of, in right of the Insured Entity." In the very unlikely event that the Trustee's recovery pays all administrative expenses and creditors' claims in full and there remains a surplus in which the Debtor might have some interest, the insured vs. insured exclusion may come into play; but, by the very nature of the depth of insolvency in this case and in light of the fact that the Policy proceeds are limited to $3,000,000 in the aggregate, the Debtor will very likely receive nothing from the Trustee's recovery. Thus, for all intents and purposes, under the terms of the Policy and in the context of the motion to dismiss, the Trustee in this case is a legal entity separate and distinct from the Debtor, prosecuting claims that are not the Debtor's, therefore, the "insured vs. insured exclusion" in the Policy does not apply.

## **CONTRACT INTERPRETATION**

The interpretation and construction by federal courts of insurance contracts is governed by substantive state law. *See Sphinx Int'l v. Nat'l Union Fire Ins. Corp.*, 412 F.3d 1224, 1227 (11th Cir. 2005) (stating rule). Under Florida law, insurance contracts are strictly construed against the insurer. *Fayad v. Clarendon Nat. Ins. Co.*, 899 So.2d 1082, 1089 (Fla. 2005); *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So.2d 161, 165 (Fla. 2003). As the court stated in *Auto-Owners Ins. Co. v. Anderson*, 756 So.2d 29, 34 (Fla. 2000), "[i]f the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the [other] limiting coverage, the insurance policy is considered ambiguous." Such

7

ambiguities are "construed in favor of the insured and strictly against the drafter." *Swire Pac. Holdings*, 845 So.2d at 165. In cases that involve exclusions to insurance contracts, the rule requires strict construction against the insurer: "exclusionary provisions which are ambiguous or otherwise susceptible to more than one meaning must be construed in favor of the insured." *State Farm Mut. Auto Ins. Co. v. Pridgen*, 498 So.2d 1245, 1248 (Fla. 1986); *see also Anderson*, 756 So.2d at 34; *Fayad*, 899 So.2d at 1089 ("ambiguous exclusionary clauses are construed even more strictly against the insurer than coverage clauses.").

The relevant provisions of the Policy state (bolded terms are specifically defined in the Policy): "The **Insurer** shall not be liable to make any payment for **Loss** in connection with a **Claim** made against any **Insured**: . . . by, on behalf of, or in the right of the **Insured Entity**, or by any **Directors or Officers**." Policy, pp. 5-6. The **Insured Entity** means "the **Named Insured** and any **Subsidiary**." Policy, p. 3. The **Named Insured** is defined as "Laminate Kingdom d/b/a Floors Today." Policy Declarations Page, p. 1. In this case, the Trustee is not identified or listed as the Insured Entity and he does not fall within the definition of a Director or Officer of Laminate Kingdom.

In contrast to the Policy in this case, there are director and officer liability policies that explicitly exclude coverage when suits are brought by bankruptcy trustees or debtors in possession. *See TIG Speciality Insurance Company v. Koken*, 855 A.2d 900, 909 (Pa. Commw. Ct. 2004) (finding that a director and officer liability policy that stated coverage "does not apply to any Claim made against any Insured arising out of ... Any Claim brought by, on behalf of or at the behest of the Company, its successor, its assignee, ***its trustee in bankruptcy***, its debtor-in-possession, or its litigation trustee" barred coverage).

8

Here, the plain language of the definitions and the exclusion do not include the bankruptcy trustee. As discussed herein, the bankruptcy trustee is not asserting the claims "by, on the behalf of, or in the right of the Insured Entity" but has instituted the claims on behalf of the estate and for the benefit of its creditors. The omission of a bankruptcy trustee from the Policy exclusion language indicates the exclusion does not apply. If Carolina Casualty wanted to include the bankruptcy trustee, it could have expressly provided so by plainly excluding claims brought by the "Insured Entity's trustee in bankruptcy." This finding is in keeping with Florida law that "exclusionary provisions which are ambiguous or otherwise susceptible to more than one meaning must be construed in favor of the insured." *State Farm Mut. Auto Ins. Co. v. Pridgen*, 498 So.2d 1245, 1248 (Fla. 1986)

Finally, the Policy's exclusion carves out an exception for shareholders bringing suits independent of and without the assistance of the Insured Entity:

> provided, however, this exclusion does not apply to:
> 1.   any derivative action by any security holder of the **Insured Entity**, but only if such claim is instigated and continued totally independent of, and totally without the solicitation of, or assistance of, or active participation of, or intervention of any **Insured** or the **Insured Entity** . . . .

If the suit was commenced by shareholders acting independent of Laminate Kingdom, the claim clearly would have been allowed notwithstanding the exclusion. Such a result undermines any contention made by Carolina Casualty that the Trustee, acting as a distinct, separate, and independent entity of the Debtor, should be barred. By carving out actions brought by independently acting security holders, it appears that Carolina Casualty intended to make the proceeds of the policy available to those parties who may bring suit against the directors and officers to answer for any misdeeds and to provide compensation for any wrongdoings that are proven. *See In re County Seat Stores, Inc.* 280 B.R. 319, 327 (Bankr. S.D.N.Y. 2002) (holding

that similar exception to the exclusion belied the insurer's contention that the trustee was the same as the debtor).

In this case, the bankruptcy trustee is not bringing a derivative action. Under Florida law, a person cannot bring a derivative action in Florida unless he was a member of the LLC. *See* Fla. Stat. § 608.601; *Garfield v. Nolte*, 477 F. Supp. 2d 1181 (S.D. Fla. 2006). The Trustee is not and has never been a member of the Debtor and thus, the Trustee may not commence a derivative action. Additionally, Florida law recognizes the distinction between a derivative action and a separate action by a bankruptcy trustee asserting a breach of fiduciary duty claim against an officer or a director for the benefit of the creditors of the estate. *See In re General Development Corp.*, 179 B.R. 335, 338 (S.D. Fla. 1995).

For the reasons set forth herein, the Court concludes that the "insured vs. insured" exclusion in the Policy does not bar Grafenauer's claim for coverage. Accordingly, it is

**ORDERED AND ADJUDGED** that Carolina Casualty & Insurance Company's motion to dismiss is DENIED.

### # # #

Copies furnished to:
Todd A. Holleman
Miller Canfield Paddock & Stone, PLC
150 West Jefferson Ave, Suite 2500
Detroit, MI 48226
Telephone: (313) 496-7668
Facsimile: (313) 496-8454
Email: holleman@millercanfield.com


Attorney Holleman is directed to immediately serve a conformed copy of this order upon all interested parties and file a certificate of service with the court.

10

DELIB:2944510.1\132469-00001